UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM BRYANT, | |
| Petitioner, | ORDER AND OPINION |
| - against - | 02 Civ. 6121 (RMB) (RLE) |
| CHARLES GREINER, | |
| Respondent. | |

**RONALD L. ELLIS, United States Magistrate Judge:**

### I. INTRODUCTION

Petitioner, William Bryant ("Bryant"), filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 31, 2002. Respondent filed an affidavit in opposition on November 2, 2005. On November 7, 2005, Bryant asked the Court to hold his petition in abeyance for two years in order to give him an opportunity to exhaust additional claims in the state courts or grant him permission to withdraw the petition and re-file once he exhausted all state remedies. For the reasons that follow, Bryant's request is **DENIED**.

### II. DISCUSSION

Under 28 U.S.C. § 2254(b), a federal court may not consider a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. *See* 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine requires a habeas petitioner challenging a state conviction on federal grounds to have presented his or her claims to the state courts first. *See* **Daye v. Attorney Gen. of New York**, 696 F.2d 186, 191 (2d Cir. 1982) (***en banc***), ***cert. denied***, 464 U.S. 1048 (1984). In **Rose v. Lundy**, 455 U.S. 509, 522 (1982), the Supreme Court established that district courts "must dismiss habeas petitions containing both unexhausted and exhausted claims."

In 1996, with the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress significantly altered the proceedings for habeas corpus petitions, imposing a one-year statute of limitations and minimizing the grounds for second and successive petitions. 28 U.S.C. § 2244. *See* **Zarvela v. Artuz**, 254 F.3d 374, 379 (2d Cir.), *cert denied sub nom* **Fischer v. Zarvela**, 534 U.S. 1015 (2001). In 2001, the Second Circuit Court of Appeals recognized that many petitioners mistakenly filing "mixed petitions" which were dismissed under **Lundy** would lose all of their claims "because the one-year limitations period will likely expire during the time taken to initiate state court exhaustion and to return to federal court after exhaustion is completed." **Id**.

Petitioners like Bryant whose petitions have been pending for some time in federal court face the same predicament. Having only now decided to raise new claims, if Bryant's petition is withdrawn to allow him to exhaust those claims, any new petition he files will likely be barred by the one-year statute of limitations. While a habeas petition is pending in federal court the one-year statute of limitations is not tolled, **id**. (*citing* **Duncan v. Walker**, 531 U.S. 991 (2001)), though it is while state court post-conviction relief is pursued. 28 U.S.C. § 2244(d)(2).

To ameliorate this outcome, the Court of Appeals determined that the "only appropriate course . . . where an outright dismissal 'could jeopardize the timeliness of a collateral attack,'" would be to dismiss the unexhausted claims and stay the proceedings on the exhausted claims until the petitioner either pursued exhaustion or dropped his unexhausted claims. **Zarvela**, 254 F.3d at 380 (*quoting* **Freeman v. Page**, 208 F.3d 572, 577 (7th Cir. 2000)). Addressing Congress's concerns, as expressed in the AEDPA reforms, that a petitioner might "take an undue amount of time to pursue state court remedies," the Court indicated that a stay of proceedings in

2

such a case should be conditioned on allowing the petitioner a limited period to initiate exhaustion, and a similarly limited time to return to the district court once the claims are exhausted. **Id**. at 380-81 (suggesting thirty-day intervals).

The Supreme Court recently ruled on the legality of the stay-and-abeyance procedure. **Rhines v. Weber**, 125 S.Ct. 1528, 1535-36 (2005). For the most part, the Court approved of the process. **Id**. at 1535. However, the Court outlined some additional requirements a petitioner must meet in order to be granted a stay of a habeas petition while exhausting state remedies for new claims:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

**Id**. (*citing* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State")). Bryant has not shown good cause for failing to exhaust his new claims in the state courts, nor has he described these unexhausted claims. Without this information, the Court cannot grant a stay and abeyance or determine whether his unexhausted claims have any merit. At the same time, if Bryant withdraws the instant petition and re-files after exhausting the new claims, any new petition will be well outside the one-year statute of limitations.

### III. CONCLUSION

Therefore, Bryant's request is **DENIED** without prejudice to re-filing a similar request by December 15, 2005, together with a showing 1) of good cause for failure to exhaust these claims,

and 2) that the new claims are not plainly meritless.

**SO ORDERED this 15th day of November 2005**
**New York, New York**

                                             *[signature]*
                                             _____
                                             **The Honorable Ronald L. Ellis**
                                             **United States Magistrate Judge**

4