UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM BRYANT, | : |
| | : |
| Petitioner, | : |
| | : **ORDER AND OPINION** |
| - against - | : |
| | : **02 Civ. 6121 (RMB) (RLE)** |
| CHARLES GREINER, | : |
| | : |
| Respondent. | : |

RONALD L. ELLIS, United States Magistrate Judge:

## I. INTRODUCTION

In 1998, Petitioner, William Bryant ("Bryant"), was convicted of murder in the second degree and sentenced to twenty-five years to life in prison. Affidavit in Opposition, Frances Y. Wang, Assistant District Attorney, Bronx County ("Opp. Aff.") ¶ 4. The Appellate Division affirmed his conviction, **People v. Bryant**, 280 A.D.2d 403 (1st Dep't 2001), and leave to appeal to the Court of Appeals was denied on May 8, 2001. **People v. Bryant**, 96 N.Y.2d 826 (2001). Bryant filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 31, 2002. Respondent filed an affidavit in opposition on November 2, 2005.

On November 7, 2005, Bryant asked the Court to hold his petition in abeyance for two years in order to give him an opportunity to exhaust additional claims in the state courts or grant him permission to withdraw the petition and re-file once he exhausted all state remedies. This Court denied Bryant's request without prejudice to re-filing a similar request by December 15, 2005, together with a showing 1) of good cause for failure to exhaust these claims, and 2) that the new claims are not plainly meritless. **Bryant v. Greiner**, 2005 WL 3071476 (S.D.N.Y. Nov. 15, 2005).

In a letter dated December 4, 2005, Bryant explained that he has "been trying for several years to obtain D.N.A. Blood Laboratory Results from the state and [has] been stonewalled at every Juncture." Given that he is proceeding *pro se*, the Court will now consider his original request for a stay, along with this additional submission, as a request for leave to amend his petition and add the new claims which he intends to exhaust. For the reasons that follow, Bryant's motion for leave to amend his petition is **GRANTED**. However, Bryant must also re-file a request for a stay and abeyance, as directed herein.

## II. DISCUSSION

### A. Leave to Amend

Federal Rule of Civil Procedure 15(a) governs leave to amend habeas petitions, *see* **Clancy v. Phillips**, 2005 WL 1560485, at *2 (S.D.N.Y. July 1, 2005), and the Court can deny leave if it appears the claims would be futile. **Id**. The mere fact that claims are unexhausted does not make them futile. **Id**. (allowing leave to amend unexhausted claims given the stay and abeyance procedure approved in **Rhines v. Weber**, 125 S.Ct. 1528 (2005), as long as petitioner also renewed request for stay).

Bryant has not specified exactly what his claim regarding the DNA evidence would be, were he given leave to amend and time to exhaust. However, his state appellate brief indicates that during investigation of the murder at issue investigators took swab samples of semen from the body of the victim, but that the DNA in the semen "was never tested in a way that could specifically determine the source of the sperm or match the sperm to a particular person." Brief for Defendant-Appellant ("App. Brief") at 14. New York Criminal Procedure Law ("NYCPL") § 440.30(1-a), authorizes post-judgment applications for DNA testing, and is likely the state court

application Bryant is contemplating or has already made.  *See* **People v. Sterling**, 787 N.Y.S.2d

846, 849 (Cty. Ct. 2004).

      The Second Circuit recently found a habeas petitioner had failed to allege a procedural

due process violation where he had invoked each level of judicial review provided for by §

440.30(1-a), but noted that it was not deciding whether the NYCPL created a liberty interest

protected by due process.  **McDonald v. Smith**, 134 Fed. Appx. 466, 467 (2d Cir. 2005). Habeas

petitioners have made claims appropriate for federal review regarding the use or mis-use of DNA

evidence at trial.  *See, e.g.,* **Rasmussen v. Filion**, 2005 WL 318816, at *12-13 (W.D.N.Y. 2005)

(finding trial court should have permitted petitioner to elicit full results of DNA analysis and

proceeding to determine whether the error deprived him of a fundamentally fair trial).  Because

Bryant's DNA-related claim may be cognizable on habeas review based on the information

provided at this juncture, the Court finds this new claim would not be futile and grants his

motion for leave to amend.  As required by the Court in **Clancy**, 2005 WL 1560485, Bryant

should also file a renewed request for a stay and abeyance, given the analysis below.

**B. Stay and Abeyance**

      In **Rhines**, 125 S.Ct. at 1535-36, the Supreme Court outlined the requirements for the

grant of a stay and abeyance while a habeas petitioner exhausts additional claims in state court.

As summarized by a recent case in the Eastern District, the Court determined that: "(1) a stay

should not be granted where the unexhausted claim is meritless; (2) 'stay and abeyance is only

appropriate when the district court determines there was good cause for the petitioner's failure to

exhaust his claims first in state court,' . . . (3) a 'mixed petition should not be stayed

indefinitely,' and 'district courts should place reasonable time limits on a petitioner's trip to state

court and back,' . . . and (4) 'if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.'" **Ramchair v. Conway**, 2005 WL 2786975, at *17 (E.D.N.Y. Oct. 26, 2005) (*quoting* **Rhines**, 125 S.Ct. at 1535). Bryant's letter sheds some light on these issues, but the Court is still left with insufficient information to grant a stay and abeyance under **Rhines**.

Most importantly, while Bryant has indicated he has been "stonewalled at every Juncture" in his requests for DNA testing results, the Court needs more details about why he has been unable to exhaust the DNA-related claim in state court. It is unclear at this point whether Bryant has already begun state court relief related to the DNA issue or whether the circumstances have prevented the initiation of a NYCPL § 440.30(1-a) motion. Finally, without more information about the claim Bryant plans to bring, the Court cannot determine whether the claim would be "plainly meritless," or determine the amount of time necessary to tailor the stay as the Supreme Court requires. *See* **Rhines**, 125 S.Ct. at 1535.

## II. CONCLUSION

For the foregoing reasons, Bryant's request for leave to amend his petition is **GRANTED**. However, Bryant is directed to file a renewed request for a stay and abeyance as the Court still lacks sufficient information. Bryant's deadline to re-file a request for a stay with the necessary information described herein is extended to **January 14, 2006.**

**SO ORDERED this 14th day of December 2005**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

4